UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ALOHA PENCIL COMPANY, LLC<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Court No. 25-cv-102 |

# COMPLAINT

1.  Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff Aloha Pencil Company, LLC ("Aloha"), by and through its counsel, contests the final results of the Department of Commerce in the antidumping ("AD") duty administrative review of Cased Pencils from the People's Republic of China for the December 1, 2023 through November 30, 2024 period of review ("POR"). The contested determination was published as *Certain Cased Pencils From the People's Republic of China: Rescission of Antidumping Duty Administrative Review; 2023–2024,* 90 Fed. Reg. 19,268 (Dep't of Commerce May 7, 2025) ("*Rescission*").

## JURISDICTION

2.  Paragraph 1 is re-alleged and incorporated herein by reference.

3.  This action challenges certain factual findings, legal conclusions, and determinations in the Department's *Rescission* of the 2023-2024 Administrative Review of Cased Pencils from the People's Republic of China. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. §1516a(a)(2).

4. The standard of review, as provided in 19 U.S.C. §1516a(b)(1)(B), is whether the determinations, findings, or conclusions of the Department were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## STANDING

5. Paragraphs 1 to 4 are re-alleged and incorporated herein by reference.

6. Plaintiff Aloha is a U.S manufacturer, producer, or wholesaler of the subject merchandise, cased pencils.

7. Plaintiff was a party to and participated in the underlying proceeding.

8. Therefore, Plaintiff is an interested party pursuant to 19 U.S.C. §§ 1516a(f)(3) & 1677(9)(C). Plaintiff thus has standing to commence this action under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii), 28 U.S.C. §§ 2631(c) & 1581(c).

## TIMELINESS OF THIS ACTION

9. Paragraphs 1 to 8 are re-alleged and incorporated herein by reference.

10. Commerce published the notice of the *Rescission* in the Federal Register on May 7, 2025. *See Rescission,* 90 Fed. Reg. at 19,268.

11. Aloha commenced this action by filing a summons on June 6, 2025, 30 days after the date of publication of the *Rescission*.

12. Aloha is filing this Complaint on July 7, 2025, within 30 days after the filing of the Summons, as required by Rule 3(a)(2) of the rules of this Court, as modified by Rule 6(a)(1)(C). *See* USCIT R.3(a)(2) (requiring the complaint be filed within 30 days of the filing of the summons), 6(a)(1)(C) (not including a 30th day that falls on a Saturday, Sunday, or legal holiday).

13. This action is therefore timely filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3(a)(2) and 6(a) of this Court.

## STATEMENT OF FACTS

14. Paragraphs 1 to 13 are re-alleged and incorporated herein by reference.

15. Commerce published an antidumping duty order on certain cased pencils from the People's Republic of China in 1994. *See Antidumping Duty Order: Certain Cased Pencils from the People's Republic of China*, 59 Fed. Reg. 66,909 (Dep't of Commerce Dec. 28, 1994) ("*Order*").

16. On January 13, 2025, before initiating the administrative review, Commerce issued a domestic standing questionnaire to Aloha.

17. On January 27, 2025, Commerce published a notice initiating an administrative review for the December 1, 2023, to November 30, 2024 period of review pursuant to a request by Plaintiff Aloha, among others. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 90 Fed. Reg. 8187 (Dep't of Commerce Jan. 27, 2024) ("*Initiation Notice*").

18. On February 7, 2025, Aloha submitted its standing questionnaire response, including as exhibits, among others, information submitted in the directly preceding review.

19. One week later, on February 14, 2025, Commerce issued a supplemental questionnaire to Aloha.

20. On March 3, 2025, Aloha also submitted supplemental information in response to Commerce's further requests for information.

21. In the directly preceding review, Commerce issued a determination that Aloha did not qualify as a domestic interested party ("AR22-23 Standing Determination"), after which

Aloha submitted a request for reconsideration, to which domestic interested party, Dixon Ticonderoga, filed comments.

22. After Commerce issued a notice of intent to rescind the directly preceding review, Aloha filed comments on the notice, observing that Commerce had not addressed Aloha's request for reconsideration, and incorporated the arguments in that request as its comments on the intent-to-rescind notice.

23. Commerce rescinded the directly preceding review, rejecting all of Aloha's arguments on the basis that it had already considered all the information Aloha raised in its arguments when it issued the AR22-23 Standing Determination. *Certain Cased Pencils From the People's Republic of China: Rescission of Antidumping Duty Administrative Review; 2022-2023*, 89 Fed. Reg. 74,894 (Dep't of Commerce Sept. 13, 2024).

24. The same Commerce personnel involved in the information collection and decision making in the December 1, 2022 to November 30, 2023 administrative review of certain cased pencils from the People's Republic of China, were involved in the information collection and decision making in the December 1, 2023 to November 30, 2024 administrative review.

25. On March 26, 2025, Commerce issued a standing determination, finding that Aloha did not qualify as a domestic interested party.

26. Commerce's standing determination for the December 1, 2023 to November 30, 2024 administrative review is nearly identical to that for the December 1, 2022 to November 30, 2023 administrative review, including a majority of the language copied and pasted from the prior review's decision.

27. Based upon Commerce's standing decision regarding Aloha, and upon the withdrawals of requests for review by other interested parties, Commerce issued a memorandum

on April 3, 2025, stating its intention to rescind the review, and on May 7, 2025, Commerce rescinded the review.

## STATEMENT OF CLAIMS

### Count One

28. Paragraphs 1 to 27 are re-alleged and incorporated herein by reference.

**29.** Commerce's improperly found that Aloha did not qualify as a domestic manufacturer, producer, or wholesaler for purposes of the December 1, 2023, to November 30, 2024.

## PRAYER FOR RELIEF AND JUDGMENT

For the reasons stated above, Aloha respectfully requests that the Court:

(a) enter judgment in Aloha's favor;

(b) declare that with respect to the issue raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c) remand this matter to Commerce for redetermination consistent with the Court's opinion, including a finding that Aloha is a domestic manufacturer, producer, or wholesaler and a resumption and completion of the administrative review; and

(d) provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/Mark B. Lehnardt
Davis & Leiman
1012 Connecticut Ave., N.W., #1012
Washington, D.C. 20036
T. 202.642.4850
*Counsel to Plaintiff*

Date: July 7, 2025