## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ALOHA PENCIL COMPANY, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>     Defendant,<br><br>     and<br><br>CHINA FIRST PENCIL CO., LTD. AND<br>DIXON TICONDEROGA COMPANY,<br><br>     Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge<br>Court No. 25-00102 |

## <u>ORDER</u>

The court seeks the input of the parties with respect to the basis for subject matter jurisdiction in this case.[1]  Plaintiff challenges the U.S. Department of Commerce's ("Commerce") notice of rescission, *Certain Cased Pencils From the People's Republic of China*, 90 Fed. Reg. 19,268 (Dep't Commerce May 7, 2025) (rescission of antidumping duty admin. rev.; 2023–2024) ("*Rescission Notice*").  Compl. ¶ 1, ECF No. 9.  As authority for the notice, Commerce cited 19 U.S.C. § 1675(a)(1), *see Rescission Notice*, 90 Fed. Reg. at 19,269, where section 1675(a)(1) governs Commerce's periodic review of antidumping or countervailing duties.

---

[1] The parties' statement in their joint status report (ECF 34) with respect to whether the court has jurisdiction is fundamentally inaccurate, mischaracterizing the segment of the proceeding and the agency determination Plaintiff seeks to challenge.  Given that this status report was signed by all parties in this litigation, the court reminds all counsel of their obligations under Rule 11(b) of the Rules of the U.S. Court of International Trade.

Plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1581(c), further citing 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii).  *Id.* ¶¶ 3, 8.  Both provisions of section 1516a pertain to Commerce's determinations under 19 U.S.C. § 1675.

Section 1675(a)(1) provides for a Commerce administrative review, "if a request for such a review has been received."  Pursuant thereto, Commerce shall, *inter alia*, "review and determine" the amount of antidumping or countervailing duties, as the case may be, 19 U.S.C. § 1675(a)(1)(A)–(B), and shall publish "the results of such review," *see id.*; *see also* 19 U.S.C. § 1677f(i)(1) (providing for publication of a "final determination in a review under section 1675").  Section 1675(a)(1) thus pertains to the final results of an administrative review; the statute does not discuss the rescission, in its entirety, of an administrative review.  Here, Commerce's *Rescission Notice* was not partial or otherwise accompanied by the final results of an administrative review.

Further complicating matters are Plaintiff's allegations of standing.  Plaintiff alleges that it "is a U.S manufacturer, producer, or wholesaler of the subject merchandise," and is therefore an interested party pursuant to 19 U.S.C. § 1677(9)(C).  Compl. ¶ 8.  Section 2631 provides for standing to commence an action pursuant to 28 U.S.C. § 1581(c) by an interested party who was a party to the proceeding and defines "interested party" in reference to 19 U.S.C. § 1677(9)(C).  28 U.S.C. § 2631(c), (k)(1).  However, in the underlying agency proceeding, Commerce determined that Plaintiff "was not a *bona fide* producer, manufacturer, or wholesaler of a domestic like product during the [period of review]."  *Rescission Notice*, 90 Fed. Reg. at 19,269.  On that

basis, Commerce treated Plaintiff's "review request as void." *Id.*[2]  Commerce has

adopted the statutory definition of "interested party" for purposes of evaluating requests

for an administrative review.  19 C.F.R. §§ 351.102(b)(17), 351.213(b)(1).  Thus,

Plaintiff's allegations of standing are undermined by the factual basis for Commerce's

decision to invalidate Plaintiff's requests for review.

  In light of the foregoing, the court hereby stays the December 17, 2025, deadline

for Plaintiff to file a motion for judgment on the agency record.  The parties shall confer

and submit a joint status report regarding the court's subject matter jurisdiction to review

Commerce's *Rescission Notice*.  That report shall address whether 28 U.S.C. § 1581(c)

is the correct jurisdictional basis and, if so, whether Plaintiff has standing to bring this

case pursuant to that jurisdictional basis.  Any position in favor of section 1581(c)

jurisdiction must be accompanied by citations to specific statutory provisions supporting

that exercise of jurisdiction.  To the extent that the parties claim that the court lacks

jurisdiction pursuant to 28 U.S.C. § 1581(c), the parties are to address whether 28

U.S.C. § 1581(i) is an appropriate jurisdictional basis.  Parties must also address

whether any change in the jurisdictional basis should be accomplished through filings in

this action, or by the commencement of a new action.  Parties may raise other relevant

matters for the court's attention.

---

[2] Following Commerce's determination as to Plaintiff, Commerce found, for the five companies remaining in the review, "no reviewable, suspended entries," and thus rescinded the review in full.  *Rescission Notice*, 90 Fed. Reg. at 19,269.

Court No. 25-00102                                                                    Page 4

 In light of the current lapse in appropriations, Plaintiff shall file the joint status report no later than 30 days after the date on which Congress appropriates funds for the U.S. Department of Justice and Commerce to resume operations.

 So **ORDERED**.

/s/  Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: <u>October 31, 2025 </u>
  New York, New York