**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| ALOHA PENCIL COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>CHINA FIRST PENCIL CO., LTD. AND DIXON TICONDEROGA COMPANY,<br><br>Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge<br>Court No. 25-00102 |

**MEMORANDUM AND ORDER**

Barnett, Chief Judge: Plaintiff Aloha Pencil Company, LLC ("Aloha Pencil") commenced this case to challenge the U.S. Department of Commerce's ("Commerce") notice of rescission, in its entirety, of the 2023–2024 administrative review of the antidumping duty order on cased pencils from China, *Certain Cased Pencils From the People's Republic of China*, 90 Fed. Reg. 19,268 (Dep't Commerce May 7, 2025) (rescission of antidumping duty admin. rev.; 2023–2024) ("*Rescission Notice*"). *See* Compl. ¶ 1, ECF No. 9. Underlying the *Rescission Notice* in part is Commerce's determination that Aloha Pencil is not a domestic interested party eligible to request a review. *Rescission Notice*, 90 Fed. Reg. at 19,269. In challenging this determination, Plaintiff alleged jurisdiction pursuant to 28 U.S.C. § 1581(c), further citing 19 U.S.C.

§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii).  Compl. ¶¶ 3, 8.  Both provisions of section

1516a pertain to Commerce's determinations pursuant to 19 U.S.C. § 1675.[1]

Based on Plaintiff's allegations of jurisdiction and the absence of any objection

thereto, *see* Joint Status Report (Sept. 17, 2025) at 2, ECF No. 34 ("The parties are

unaware of any basis upon which to challenge the Court's jurisdiction at this time."), this

case initially proceeded as a 1581(c) case.  The court granted motions to intervene on

the side of defendant as of right filed by China First Pencil Co., Ltd. ("China First") and

Dixon Ticonderoga Company ("Dixon"), Order (Aug. 14, 2025), ECF No. 29; Order (Aug.

14, 2025), ECF No. 30 (together, "Intervention Orders"), and entered a scheduling

order, Order (Sept. 18, 2025), ECF No. 35.  Upon further review, however, the court

elected to stay the briefing schedule to obtain the parties' further views on the basis for

subject matter jurisdiction in this case.  Order (Oct. 31, 2025) ("Juris. Order"), ECF No.

36.

In the Jurisdiction Order, the court questioned Plaintiff's reliance on 1581(c)

jurisdiction and requested the parties' views on whether 28 U.S.C. § 1581(i) is instead

the correct jurisdictional basis.  *Id.* at 3.  Section 1581(c) vests the court with "exclusive

jurisdiction of any civil action commenced under [19 U.S.C. § 1516a]," 28 U.S.C.

§ 1581(c), while section 1581(i) vests the court with "exclusive jurisdiction of any civil

action commenced against the United States . . . providing for-- . . . (D) administration

---

[1] Section 1516a(a)(2)(B)(iii) governs judicial review of "[a] final determination . . . by the administering authority [i.e., Commerce] . . . under section 1675 of this title."  Section 1675(a)(1) governs Commerce's periodic review of antidumping or countervailing duty determinations.

and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)-(h) of this section," *id.* § 1581(i)(1)(D).[2]  Thus, the issue is whether the *Rescission Notice* constitutes a determination for purposes of 19 U.S.C. § 1675 and, in turn, 19 U.S.C. § 1516a(a)(2)(B)(iii).

To that end, the court noted that section 1675(a)(1) governs Commerce's review and determination of antidumping or countervailing duties when a request for review is received, and "does not discuss the rescission, in its entirety, of an administrative review."  Juris. Order at 2.  The court further noted that statutory standing to commence a 1581(c) case requires a party to be "an interested party who was a party to the proceeding," *id.* (citing 28 U.S.C. § 2631(c)), such that Commerce's determination that Aloha Pencil "was not a *bona fide* producer, manufacturer, or wholesaler of a domestic like product during the [period of review]" implicates "Plaintiff's allegations of standing," *id.* (quoting *Rescission Notice*, 90 Fed. Reg. at 19,269) (alteration in the Order).  That is because "interested party" status for purposes of 28 U.S.C. § 2631(c) is defined in reference to 19 U.S.C. § 1677(9)(C), which is the same definition Commerce has adopted "for purposes of evaluating requests for an administrative review."  *Id.* at 2–3 (citing 19 C.F.R. §§ 351.102(b)(17), 351.213(b)(1)).

---

[2] The jurisdictional provisions are mutually exclusive because section 1581(i) "embodies a 'residual' grant of jurisdiction, and may not be invoked when jurisdiction under another subsection of [section] 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate."  *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (citation omitted).

Court No. 25-00102                                                            Page 4

On December 15, 2025, the parties filed a joint status report addressing the court's jurisdiction. Joint Status Report Regarding Jurisdiction ("Juris. Rep."), ECF No. 38. The parties' respective positions are as follows:

*Plaintiff Aloha Pencil*

Plaintiff contends that Commerce's *Rescission Notice* is not a final determination pursuant to 19 U.S.C. § 1675(a)(1) or 19 U.S.C. § 1516a because it reflects Commerce's determination that "the review was void *ab initio*." *Id.* at 5. Plaintiff argues that court decisions indicating otherwise either involved a partial rescission that accompanied the final results of review or lacked substantive analysis of jurisdiction. *Id.* at 5–7. Plaintiff analogizes the jurisdictional question in this case to those in which the court found that a challenge to a Commerce decision to initiate an administrative review falls within the court's 1581(i) jurisdiction because that decision is not a final determination pursuant to 19 U.S.C. § 1516a. *Id.* at 7 (citing *Suntec Indus. Co. v. United States*, 37 CIT 1670, 1675, 951 F. Supp. 2d 1341, 1347 (2013)). Aloha Pencil requests the court to stay this case for 60 days to permit Plaintiff time to commence an action pursuant to 28 U.S.C. § 1581(i) to be consolidated with this case. *Id.* at 8. In the alternative, Plaintiff contends that Defendant and Defendant-Intervenors should be required to file motions to dismiss for lack of subject-matter jurisdiction. *Id.*

*Defendant United States ("the Government")*

The Government agrees with Plaintiff that the court lacks 1581(c) jurisdiction because the *Rescission Notice* is not a final determination pursuant to 19 U.S.C. §§ 1675 or 1516a. *Id.* at 9. The Government asserts that rescinding a review in its

entirety "means that no final results of . . . administrative review would be issued," and any "duties will be assessed, and cash deposits will be collected[,] at the preexisting rates." *Id.* at 9–10. The Government declined to opine on the availability of 1581(i) jurisdiction unless and until Plaintiff amends its jurisdictional allegations. *Id.* at 12 (deferring to the court as to whether Plaintiff should be allowed to amend its complaint to allege 1581(i) jurisdiction). Defendant argues, however, that Plaintiff's existing complaint lacks adequate allegations of Article III standing. *Id.* at 12–13.

*Defendant-Intervenors China First and Dixon*

China First agrees with the Government's position on Aloha Pencil's Article III standing but contends that 1581(c) is the correct statutory jurisdictional basis. *See id.* at 14. Dixon likewise contends that 1581(c) is the correct statutory jurisdictional basis but takes no position on Article III standing. *Id.* at 17.[3]

## ANALYSIS

The court finds that it lacks 28 U.S.C. § 1581(c) jurisdiction for the reasons stated above and in the Jurisdiction Order. Moreover, Defendant-Intervenors fail to persuade the court that the *Rescission Notice* is a determination governed by 19 U.S.C. § 1675(a)(1) that is reviewable pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c).

China First declares that the *Rescission Notice* is a final determination for purposes of 19 U.S.C. §§ 1516a and 1675 but does not tie that assertion to any

---

[3] Dixon adopts China First's arguments for 1581(c) jurisdiction and provides no additional analysis.

Court No. 25-00102                                                          Page 6

statutory language.  Juris. Rep. at 14–15.  Instead, China First asserts that the phrase

"final determination" for purposes of 1581(c) jurisdiction "is not defined by statute or

regulation," *id.* at 15, but that assertion is incorrect.  As Plaintiff and Defendant now

acknowledge, 19 U.S.C. § 1675 governs periodic determinations of antidumping or

countervailing duties and no such determination occurred here.  *Id.* at 5, 9–10.  While

Commerce made determinations with respect to Aloha Pencil's standing and to rescind

the review, those determinations are not among the duty determinations addressed by

section 1675.  That Commerce cited section 1675 in the *Rescission Notice* and

published the decision in the Federal Register pursuant to its regulations is immaterial

and certainly does not bind the court's jurisdiction in the manner China First suggests.

*See id.* at 15 (citing *Rescission Notice*, 90 Fed. Reg. at 19,269; 19 C.F.R.

§ 351.213(d)(4)).[4]

China First's reliance on *Windmill International Pte., Ltd. v. United States*, 26 CIT

221, 193 F. Supp. 2d 1303 (2002), among other cases, is unavailing.  Juris. Rep. at 15–

16.  While the *Windmill* court exercised 1581(c) jurisdiction over a challenge to a

rescission by Commerce, in its entirety, of an administrative review based on the

absence of *bona fide* sales, the opinion does not contain substantive analysis of

---

[4] Section 1581 waives sovereign immunity for the types of cases specified therein and is therefore narrowly construed in favor of immunity.  *See United States v. Williams*, 514 U.S. 527, 531 (1995); *Humane Soc. of U.S. v. Clinton*, 236 F.3d 1320, 1328 (Fed. Cir. 2001).  As the court has previously stated, this principle "counsels against" a broad construction of 19 U.S.C. § 1675 to include a determination not addressed by the statute.  *Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 43 CIT __, __, 413 F. Supp. 3d 1334, 1344 n.13 (2019).

jurisdiction.  26 CIT at 222, 225, 193 F. Supp. 2d at 1305, 1308.  And even if it did, the opinion is nonbinding.  *See Algoma Steel Corp., Ltd. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989).  Defendant-Intervenors' reliance on the court's exercise of 1581(c) jurisdiction over challenges to partial rescissions are inapt insofar as those cases also involve judicial review of a final determination to which the rescission relates.  *See, e.g.*, *Coal. for Fair Trade in Garlic v. United States*, 44 CIT __, __, 437 F. Supp. 3d 1347, 1354 (2020).  In those circumstances, a partial rescission may properly be considered an interim decision subsumed by a final determination (though the court need not affirmatively decide whether it should be so considered), but in this case, the rescission was not an interim decision, rather, it was "the end of the road for potential requestors." Juris. Rep. at 11 (position of Defendant).  Moreover, while Article III standing and statutory standing pursuant to 28 U.S.C. § 2631(c) present separate questions, neither China First nor Dixon grapple with the consequences for 1581(c) jurisdiction if the court sustains a Commerce decision that Aloha Pencil has not demonstrated interested party status.[5]  As the court observed, Juris. Order at 2–3, such a finding would undermine Aloha Pencil's standing to file (or to have filed) a 1581(c) case in the first instance.

---

[5] While the standard of review applicable to a challenge to statutory standing pursuant to 28 U.S.C. § 2631(c) may differ from the standard that applies to judicial review of an agency determination pursuant to 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c), Defendant-Intervenors do not grapple with the inherent inconsistency in their position that Commerce correctly determined that Aloha Pencil is not an interested party for purposes of requesting an administrative review but impliedly is an interested party for purposes of 28 U.S.C. § 2631(c).

The court finds that the "administration and enforcement" provision in 28 U.S.C. § 1581(i)(1)(D) is the appropriate jurisdictional basis. While the court could dismiss this case and require Plaintiff to commence a new action, the court will afford Plaintiff the opportunity to amend its pleadings in this case to allege 1581(i) jurisdiction. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *cf., e.g.*, *XYZ Corp. v. United States*, 41 CIT __, __, 253 F. Supp. 3d 1257, 1267 n.13 (2017) (permitting amendment of jurisdictional allegations pursuant to 28 U.S.C. § 1653).[6] Plaintiff will also be required to concurrently file an amended summons utilizing USCIT Form 4, as is required to commence an action under 28 U.S.C. § 1581(i). *See* USCIT Rule 3(a)(3); USCIT Form 4 (general summons). Additionally, the court will afford Defendant the opportunity to respond to Plaintiff's jurisdictional allegations.[7]

The analysis does not end there. Defendant-Intervenors intervened in this case as of right pursuant to 28 U.S.C. § 2631(j)(1)(B) and USCIT Rule 24(a)(1). *See* Intervention Orders. Section 2631(j)(1)(B) provides that in an action under 19 U.S.C. § 1516a, "only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of

---

[6] The court does not adopt Plaintiff's approach of consolidating this case with a newly filed section 1581(i) case because Plaintiff may not invoke 1581(i) jurisdiction if 1581(c) jurisdiction is appropriate.

[7] The court takes no position on Plaintiff's Article III standing and does not pre-judge any revised allegations of jurisdiction. Rather, the court intends to afford the parties the same opportunities they would have had if Plaintiff had commenced this case as a section 1581(i) case in the first instance.

right."  The court's rules provide that, for intervention as of right absent "an unconditional right to intervene by a federal statute," the intervenor must "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  USCIT Rule 24(a)(1)–(2).  Additionally, permissive intervention requires an intervenor to demonstrate "a conditional right to intervene by a federal statute" or "a claim or defense that shares with the main action a common question of law or fact."  USCIT Rule 24(b)(1).  The court will permit China First and Dixon the opportunity to demonstrate that they should be allowed to remain in this action as Defendant-Intervenors.  Consistent with USCIT Rule 24(c)(1),[8] Defendant-Intervenors may respond to Plaintiff's allegations regarding 1581(i) jurisdiction, and the court will take any such response into consideration in the event intervention remains warranted.

### CONCLUSION AND ORDER

In accordance with the foregoing, it is hereby

**ORDERED** that, on or before January 22, 2026, Plaintiff shall concurrently file an amended summons and an amended complaint; it is further

---

[8] Rule 24(c)(1) states that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  The court has construed the rule to permit proposed intervenors to file a motion to dismiss with a motion to intervene.  *See Auxin Solar, Inc. v. United States*, 48 CIT __, __, 698 F. Supp. 3d 1353, 1374 & n.21 (2024).

Court No. 25-00102                                                           Page 10

**ORDERED** that, if Plaintiff does not comply, this case shall be dismissed without further notice; it is further

**ORDERED** that, within 30 days of Plaintiff's filings, Defendant: 1) shall file an amended administrative record consistent with USCIT Rule 73.3(b) if necessary or request the court to construe the existing Administrative Record filings (ECF No. 31) to fulfill the Rule 73.3(b) requirements; and 2) may file a motion pursuant to USCIT Rule 12(b), but need not file an Answer for purposes of USCIT Rule 12(a); it is further

**ORDERED** that, within 30 days of Plaintiff's filings, Defendant-Intervenors may show cause as to why the court's orders allowing intervention should not be vacated as improvidently granted and may, at the time, present any additional defenses pursuant to USCIT Rule 24(c)(1); it is further

**ORDERED** that in the absence of any further filings by Defendant-Intervenors, the court will vacate the orders of intervention; and it is further

**ORDERED** that, after receiving the parties' filings, the court will contact the parties regarding a revised briefing schedule.


/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: December 23, 2025
        New York, New York