UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ALOHA PENCIL COMPANY, LLC | |
| Plaintiff, | |
| v. | Court No. 25-cv-102 |
| UNITED STATES, | |
| Defendant. | |

**AMENDED COMPLAINT**

1.      Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff Aloha Pencil Company, LLC ("Aloha"), by and through its counsel, contests the final results of the Department of Commerce in the antidumping ("AD") duty administrative review of Cased Pencils from the People's Republic of China for the December 1, 2023 through November 30, 2024 period of review ("POR"). The contested determination was published as *Certain Cased Pencils From the People's Republic of China: Rescission of Antidumping Duty Administrative Review; 2023–2024,* 90 Fed. Reg. 19,268 (Dep't of Commerce May 7, 2025) ("*Rescission*").

**JURISDICTION**

2.      Paragraph 1 is re-alleged and incorporated herein by reference.

3.      This action challenges certain factual findings, legal conclusions, and determinations in the Department's *Rescission* of the 2023-2024 Administrative Review of Cased Pencils from the People's Republic of China. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. §1516a(a)(2).

1

4.      The standard of review, as provided in 19 U.S.C. §1516a(b)(1)(B), is whether the determinations, findings, or conclusions of the Department were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

5.      In the alternative, because plaintiff challenges the Department's decision finding that Aloha Pencil does not qualify as a domestic producer, manufacturer, or wholesaler of the domestic like product, and thus the request for reviews submitted by Aloha Pencil was void, and the consequent rescission based upon not having a valid request for review; and assuming *arguendo* that the Department's decisions is not a 19 U.S.C. §1516a final determination, jurisdiction is proper under 28 U.S.C. § 1581(i)(1)(B) and (D), and 5 U.S.C. § 702, because Aloha Pencil was adversely aggrieved by the Department agency action.

6.      The United States has waived its sovereign immunity for such actions under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

7.      The Court is authorized to grant the relief requested by 28 U.S.C. §§ 1585, 2201(a), and 1643(c)(1). This Court is empowered to "hold unlawful and set aside agency action, findings, and conclusions found to be," among others, "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706.

8.      Commerce's issuance of the *Rescission* constitutes final agency action subject to judicial review under 5 U.S.C. § 1581(i).

9.      Commerce's decision that Aloha Pencil does not qualify as a domestic interested party under 19 U.S.C. § 1677(33)(C) and 19 C.F.R. § 351.102(29)(v), and thus that its request for reviews was void, was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and thus must be held "unlawful and set aside" by this Court. See 5 U.S.C. §§ 702, 706.

**STANDING**

10.     Paragraphs 1 to 9 are re-alleged and incorporated herein by reference.

11.     Plaintiff Aloha is a U.S manufacturer, producer, or wholesaler of the subject merchandise, cased pencils.

12.     Plaintiff was a party to and participated in the underlying proceeding.

13.     Therefore, Plaintiff is an interested party pursuant to 19 U.S.C. §§ 1516a(f)(3) & 1677(9)(C).  Plaintiff thus has standing to commence this action under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii), 28 U.S.C. §§ 2631(c) & 1581(c).

14.     In the alternative, Plaintiff has standing as a person adversely aggrieved by agency action, under 5 U.S.C. § 702.

**TIMELINESS OF THIS ACTION**

15.     Paragraphs 1 to 14 are re-alleged and incorporated herein by reference.

16.     Commerce published the notice of the *Rescission* in the Federal Register on May 7, 2025.  *See Rescission,* 90 Fed. Reg. at 19,268.

17.     Aloha commenced this action by filing a summons on June 6, 2025, 30 days after the date of publication of the *Rescission*.

18.     Aloha is filing this Complaint on July 7, 2025, within 30 days after the filing of the Summons, as required by Rule 3(a)(2) of the rules of this Court, as modified by Rule 6(a)(1)(C).  *See* USCIT R.3(a)(2) (requiring the complaint be filed within 30 days of the filing of the summons), 6(a)(1)(C) (not including a 30th day that falls on a Saturday, Sunday, or legal holiday).

19.     This action is therefore timely filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3(a)(2) and 6(a) of this Court.

20.     Further, this amended complaint is timely filed based on this Court's order

granting Plaintiff additional time to file an amended complaint by January 22, 2026.  *See* ECF

### STATEMENT OF FACTS

21.     Paragraphs 1 to 21 are re-alleged and incorporated herein by reference.

22.     Commerce published an antidumping duty order on certain cased pencils from the

People's Republic of China in 1994.  *See Antidumping Duty Order: Certain Cased Pencils from

the People's Republic of China*, 59 Fed. Reg. 66,909 (Dep't of Commerce Dec. 28, 1994)

("*Order*").

23.     On January 13, 2025, before initiating the administrative review, Commerce

issued a domestic standing questionnaire to Aloha.

24.     On January 27, 2025, Commerce published a notice initiating an administrative

review for the December 1, 2023, to November 30, 2024 period of review pursuant to a request

by Plaintiff Aloha, among others. *See Initiation of Antidumping and Countervailing Duty

Administrative Reviews*, 90 Fed. Reg. 8187 (Dep't of Commerce Jan. 27, 2024) ("*Initiation

Notice*").

25.     On February 7, 2025, Aloha submitted its standing questionnaire response,

including as exhibits, among others, information submitted in the directly preceding review.

26.     One week later, on February 14, 2025, Commerce issued a supplemental

questionnaire to Aloha.

27.     On March 3, 2025, Aloha also submitted supplemental information in response to

Commerce's further requests for information.

28.     In the directly preceding review, Commerce issued a determination that Aloha did

not qualify as a domestic interested party ("AR22-23 Standing Determination"), after which

Aloha submitted a request for reconsideration, to which domestic interested party, Dixon
Ticonderoga, filed comments.

29.     After Commerce issued a notice of intent to rescind the directly preceding review,
Aloha filed comments on the notice, observing that Commerce had not addressed Aloha's
request for reconsideration, and incorporated the arguments in that request as its comments on
the intent-to-rescind notice.

30.     Commerce rescinded the directly preceding review, rejecting all of Aloha's
arguments on the basis that it had already considered all the information Aloha raised in its
arguments when it issued the AR22-23 Standing Determination.  *Certain Cased Pencils From
the People's Republic of China:  Rescission of Antidumping Duty Administrative Review; 2022-
2023*, 89 Fed. Reg. 74,894 (Dep't of Commerce Sept. 13, 2024).

31.     The same Commerce personnel involved in the information collection and
decision making in the December 1, 2022 to November 30, 2023 administrative review of certain
cased pencils from the People's Republic of China, were involved in the information collection
and decision making in the December 1, 2023 to November 30, 2024 administrative review.

32.     On March 26, 2025, Commerce issued a standing determination, finding that
Aloha did not qualify as a domestic interested party.

33.     Commerce's standing determination for the December 1, 2023 to November 30,
2024 administrative review is nearly identical to that for the December 1, 2022 to November 30,
2023 administrative review, including a majority of the language copied and pasted from the
prior review's decision.

34.     Based upon Commerce's standing decision regarding Aloha, and upon the
withdrawals of requests for review by other interested parties, Commerce issued a memorandum

on April 3, 2025, stating its intention to rescind the review, and on May 7, 2025, Commerce

rescinded the review.

## STATEMENT OF CLAIMS

### Count One

35.    Paragraphs 1 to 34 are re-alleged and incorporated herein by reference.

36.    Commerce's improperly found that Aloha did not qualify as a domestic

manufacturer, producer, or wholesaler for purposes of the December 1, 2023, to November 30,

2024.

## PRAYER FOR RELIEF AND JUDGMENT

For the reasons stated above, Aloha respectfully requests that the Court:

(a)  enter judgment in Aloha's favor;

(b)  declare that with respect to the issue raised in this Complaint, Commerce's

determinations and all related findings and conclusions are unsupported by substantial evidence

on the record or are otherwise not in accordance with law; or, alternatively, are arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law, and thus must be

held unlawful and set aside;

      (c)   remand this matter to Commerce for redetermination consistent with the Court's opinion, including a finding that Aloha is a domestic manufacturer, producer, or wholesaler and a resumption and completion of the administrative review; and

      (d)   provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/Mark B. Lehnardt
Davis & Leiman
1012 Connecticut Ave., N.W., #1012
Washington, D.C. 20036
T. 202.642.4850

Date: January 22, 2026                                 *Counsel to Plaintiff*