**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| ALOHA PENCIL COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>CHINA FIRST PENCIL CO., LTD., and DIXON TICONDEROGA COMPANY,<br><br>Defendant-Intervenors. | No. 25-00102 |

Upon consideration of the motion to dismiss filed by defendant, all responses thereto, and other pertinent papers, it is hereby

ORDERED that the motion is GRANTED; and it is further

ORDERED that the complaint is dismissed for lack of jurisdiction.

Dated: ___________________, 2026
New York, NY

_______________________________
MARK A. BARNETT, CHIEF JUDGE

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

ALOHA PENCIL COMPANY, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

CHINA FIRST PENCIL CO., LTD., and
DIXON TICONDEROGA COMPANY,

Defendant-Intervenors.

No. 25-00102

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade and the Court's order, ECF No. 39, defendant, the United States, respectfully requests that the Court dismiss this action for lack of Article III standing. The reasons for our motion are set forth in the accompanying memorandum of law.

WHEREFORE, defendant respectfully requests that an order be entered granting defendant's motion to dismiss, dismissing this action, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, Jr.
Assistant Director

Of Counsel:
Samuel E. Childerson
U.S. Department of Commerce
1401 Constitution Avenue, NW.
Suite 4416
Washington, DC 20230-0001

/s *Nelson Kuan*
NELSON KUAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Washington, DC 20044
Tel.: (202) 307-0335
Nelson.Kuan@usdoj.gov

February 23, 2026

Attorneys for Defendant

## TABLE OF CONTENTS

BACKGROUND ........ 1

ARGUMENT ........ 2

I. Legal Standard for a Motion to Dismiss Under USCIT Rule 12(b)(1) ........ 2

II. The Amended Complaint Fails to Allege Any Facts to Support Article III Standing ... 3

A. Article III Standing Requires at Least Allegations of "Concrete and Particularized" Injury ........ 3

B. Aloha Pencil Fails, in its Amended Complaint, to Allege Facts That Would Establish Article III Standing ........ 4

CONCLUSION ........ 7

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Allen v. Wright*,
468 U.S. 737 (1984) .......... 6

*Arbaugh v. Y & H Corp.*,
546 U.S. 500 (2006) .......... 2

*Blink Design, Inc. v. United States*,
986 F. Supp. 2d 1348 (Ct. Int'l Trade 2014) .......... 3

*California Steel Industries, Inc. v. United States*,
48 F.4th 1336 (Fed. Cir. 2022) .......... 6

*Canadian Lumber Trade Alliance v. United States*,
517 F.3d 1319 (Fed. Cir. 2008) .......... 3, 7

*Cedars-Sinai Med. Ctr. v. Watkins*,
11 F.3d 1573 (Fed. Cir. 1993) .......... 3

*CR Indus. v. United States*,
10 CIT 561 (1986) .......... 2

*DaimlerChrysler Corp. v. United States*,
442 F.3d 1313 (Fed. Cir. 2006) .......... 2

*Dep't of Educ. v. Brown*,
600 U.S. 551 (2023) .......... 6

*Fuji Photo Film Co., Ltd. v. International Trade Com'n*,
474 F.3d 1281 (Fed. Cir. 2007) .......... 3

*Coal. for Fair Trade in Garlic v. United States*,
312 F. Supp. 3d 1372, 1376 (Ct. Int'l Trade 2018) .......... 4

*H & H Wholesale Servs., Inc. v. United States*,
30 CIT 689, 437 F. Supp. 2d 1335 (2006) .......... 3

*JCM, Ltd. v. United States*,
210 F.3d 1357 (Fed. Cir. 2000) .......... 3

*Kansas City Power & Light Co. v. McKay*,
225 F.2d 924 (D.C. Cir. 1955) .......... 5

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) .......... 4, 6

*McKinney v. U.S. Dept. of Treasury*,
799 F.2d 1544 (Fed. Cir. 1986) ..... 5

*Norsk Hydro Can., Inc. v. United States*,
472 F.3d 1347 (Fed. Cir. 2006) ..... 2

*Papasan v. Allain*,
478 U.S. 265 (1986) ..... 3

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ..... 4

*Steel Co. v. Citizens For A Better Environment*,
523 U.S. 83 (1998) ..... 2

*Todd Construction, L.P. v. United States*,
656 F.3d 1306 (Fed. Cir. 2011) ..... 5, 6

*Totes-Isotoner Corp. v. United States*,
594 F.3d 1346 (Fed. Cir. 2010) ..... 4, 5

*3V, Inc. v. United States*,
23 CIT 1047, 1049, 83 F. Supp. 2d 1351, 1353 (1999) ..... 4

*Wally Packaging, Inc. v. United States*,
7 CIT 19, 578 F. Supp. 1408 (1984) ..... 2

Statutes

5 U.S.C. § 702 ..... 2, 6

19 U.S.C. § 1677(9)(C) ..... 5

28 U.S.C. § 1581(c) ..... 2

28 U.S.C. § 1581(i)(1)(B) ..... 2

Rules

USCIT Rule 12(b) ..... 4

Other Authorities

90 Fed. Reg. 19,268 ..... 1

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| ALOHA PENCIL COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>CHINA FIRST PENCIL CO., LTD., and DIXON TICONDEROGA COMPANY,<br><br>Defendant-Intervenors. | No. 25-00102 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade (USCIT R.) and the Court's order, ECF No. 39, defendant, the United States, respectfully requests that the Court dismiss the amended complaint filed by plaintiff Aloha Pencil Company, LLC (Aloha Pencil), *see* Am. Compl., ECF No. 41, for lack of Article III standing.

**BACKGROUND**

On June 6, 2025, Aloha Pencil filed a summons (ECF No. 1) challenging the United States Department of Commerce's decision to rescind the administrative review of an antidumping order on pencils from China. *See Certain Cased Pencils From the People's Republic of China: Rescission of Antidumping Duty Administrative Review; 2023–2024,* 90 Fed. Reg. 19,268 (Dep't of Commerce May 7, 2025). In rescinding its administrative review,

"Commerce determined that Aloha Pencil was not a bona fide producer, manufacturer, or wholesaler of a domestic like product during the POR." *Id.*

The Court found that, because the administrative review was rescinded, Aloha Pencil's original assertion of jurisdiction pursuant to 28 U.S.C. § 1581(c) was inappropriate and ordered Aloha Pencil to amend its complaint. ECF No. 39 at 5, 8. Aloha Pencil filed its amended complaint on January 22, 2026, adding assertions of jurisdiction under 28 U.S.C. § 1581(i)(1)(B) and (D), and 5 U.S.C. § 702. ECF No. 41, Am. Compl. ¶¶ 5-9. Without alleging any facts, the amended complaint otherwise carries over the original complaint's assertions that "Aloha Pencil is a U.S. manufacturer, producer, or wholesaler of the subject merchandise, cased pencils" and "was a party to and participated in the underlying proceeding." *Id.* ¶¶ 11-13.

## ARGUMENT

### I. Legal Standard for a Motion to Dismiss Under USCIT Rule 12(b)(1)

The Court's determination of its subject matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 94-95 (1998); *CR Indus. v. United States*, 10 CIT 561, 562 (1986) ("It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof."). Federal courts are "presumed to be 'without jurisdiction' unless 'the contrary appears affirmatively from the record.'" *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (citations omitted). "{W}hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006). A party seeking to invoke the Court's jurisdiction has the burden of establishing that jurisdiction exists. *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006); *Wally Packaging, Inc. v. United States*, 7 CIT 19, 20, 578 F. Supp. 1408, 1410 (1984).

While factual allegations are assumed to be true for the purposes of a motion to dismiss,

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a Rule 12(b)(1) motion controverts factual allegations in the complaint, the allegations in the complaint are not controlling and are subject to factfinding by the Court. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993); *Blink Design, Inc. v. United States*, 986 F. Supp. 2d 1348, 1352 (Ct. Int'l Trade 2014); *H & H Wholesale Servs., Inc. v. United States*, 30 CIT 689, 691-92, 437 F. Supp. 2d 1335, 1339 (2006). In these circumstances, as part of the motion, the Court is permitted to "review evidence outside the pleadings to determine facts necessary to rule on the jurisdictional issue." *Id.* at 1340 (citations and quotations omitted). Whether to grant a motion to dismiss for lack of jurisdiction is a question of law. *JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000).

## II. The Amended Complaint Fails to Allege Any Facts to Support Article III Standing

### A. Article III Standing Requires at Least Allegations of "Concrete and Particularized" Injury

A plaintiff must demonstrate that its claim qualifies as a "case" or "controversy" for purposes of Article III of the Constitution, and specifically that it has a sufficient stake in the matter to establish its "standing" to bring its claim. *Canadian Lumber Trade Alliance v. United States*, 517 F.3d 1319, 1331 (Fed. Cir. 2008) ("There is no case or controversy within the meaning of the Constitution unless the plaintiff has standing."). "The party invoking federal jurisdiction bears the burden of establishing the elements required for Article III standing." *Fuji Photo Film Co., Ltd. v. International Trade Com'n*, 474 F.3d 1281, 1289 (Fed. Cir. 2007).

To establish a sufficient stake for purposes of Article III standing, plaintiffs must demonstrate that they have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An injury in fact to establish

Article III standing must be "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "If a claim fails the Article III criteria, the Court must dismiss the claim as non-justiciable regardless of a statutory grant of jurisdiction." *3V, Inc. v. United States*, 23 CIT 1047, 1049, 83 F. Supp. 2d 1351, 1353 (1999).

### B. Aloha Pencil Fails, in its Amended Complaint, to Allege Facts That Would Establish Article III Standing

Aloha Pencil does not possess Article III standing at least because it has not alleged any facts establishing that it suffered an injury in fact. *Cf. Totes-Isotoner Corp. v. United States*, 594 F.3d 1346, 1351 (Fed. Cir. 2010) ("Totes alleges that it has suffered an injury-in-fact—the payment of customs duties at the 14 percent rate.").

In our portion of the December 15, 2025, Joint Status Report, we raised our concerns over the complaint's lack of factual allegation that Aloha Pencil suffered any injury in fact to establish Article III standing. *See* ECF No. 38 at 13. The Court's December 23, 2025, Order, specifically permitted the Government to file a motion pursuant to USCIT Rule 12(b). ECF No. 39 at 10. On notice of its complaint's jurisdictional defect under Article III, Aloha Pencil should have at least attempted to carry its burden of establishing that jurisdiction exists. *See Coal. for Fair Trade in Garlic v. United States*, 312 F. Supp. 3d 1372, 1376 (Ct. Int'l Trade 2018). Aloha Pencil, nevertheless, filed an amended complaint that added ***no*** factual allegation regarding any injury in fact that Aloha Pencil purportedly suffered.

Instead of providing any factual allegations, the amended complaint merely carries over the original complaint's assertion that "Aloha Pencil is a U.S. manufacturer, producer, or wholesaler of the subject merchandise, cased pencils" and "was a party to and participated in the underlying proceeding{,}" within the meaning of 19 U.S.C. § 1677(9)(C). Am. Compl. ¶¶ 11-

13. Aloha Pencil's assertion that it meets the definition under 19 U.S.C. § 1677(9)(C) is a legal conclusion regarding the ultimate merits of its case. Aloha Pencil has not alleged any facts to support its legal conclusion that Aloha Pencil is a manufacturer, producer, or wholesaler in the United States of a domestic like product.

Even if Aloha Pencil had alleged plausible facts to support its statutory standing as an "interested party," it still needs to allege facts to establish concrete and particularized injury. To be sure, Aloha Pencil has "not been subjected to any obligation or duty." *See Kansas City Power & Light Co. v. McKay*, 225 F.2d 924, 928 (D.C. Cir. 1955); *cf. Totes-Isotoner*, 594 F.3d at 1351 ("Totes alleges that it has suffered an injury-in-fact—the payment of customs duties at the 14 percent rate."). Aloha Pencil also does not allege that it suffered competitive injury, let alone alleging any specific facts to show competitive injury. *See McKinney v. U.S. Dept. of Treasury*, 799 F.2d 1544, 1555 (Fed. Cir. 1986) ("While allegations showing competitive injury may be appropriate to confer standing in appropriate circumstances, appellants have done nothing more than allege competitive injury in the abstract. Article III requires more specific allegations of competitive injury to satisfy the case or controversy requirement.") (citations omitted). The amended complaint lacks factual allegations for the Court to determine that Aloha Pencil "indeed has suffered, or is likely to suffer, an injury in fact." *See id*.

While Aloha Pencil alleges that it "was a party to and participated in the underlying proceeding" and challenges Commerce's rescission of administrative review, Am. Compl. ¶¶ 5, 12, such allegations at most amount to claiming a procedural violation. The Federal Circuit has held that a plaintiff is "required to show prejudice" from alleged procedural violation not involving "fundamental procedural rights." *Todd Construction, L.P. v. United States*, 656 F.3d 1306, 1315-16 (Fed. Cir. 2011). Aloha Pencil has alleged neither a violation involving

fundamental procedural rights nor prejudice from the rescission.  *See id*. (discussing "cases involving fundamental procedural rights, such as the right to a hearing, the right to an environmental impact statement, and the right to have a decisionmaker free from ex parte contacts in formal administrative hearings") (citations omitted).  More specifically, "participation during the administrative proceedings {does not transform} into a legally protectable interest during subsequent judicial proceedings." *California Steel Industries, Inc. v. United States*, 48 F.4th 1336, 1344 (Fed. Cir. 2022).  Aloha Pencil's amended complaint adds the assertion that it "has standing as a person adversely aggrieved by agency action, under 5 U.S.C. § 702."  Am. Compl. ¶ 14.  This assertion paraphrasing the referenced statutory language is again a mere legal conclusion that should not be accepted as true.  *See* 5 U.S.C. § 702 ("A person . . . adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.")  On the question of injury in fact, the amended complaint's assertion remains unsupported by any factual allegation regarding how Aloha Pencil was "adversely aggrieved."

     Article III standing further requires a plaintiff to show "a causal connection between the injury and the conduct complained of."  *Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023) (quoting *Lujan*, 504 U.S. at 560).  In this case, the amended complaint lacks any factual allegation that Aloha Pencil suffered injury that was fairly traceable to Commerce's recission of administrative review of the antidumping duty order covering cased pencils from the People's Republic of China.  The Supreme Court has "repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen v. Wright*, 468 U.S. 737, 754 (1984).

     Because Aloha Pencil's amended complaint lacks any factual allegations at least showing

Aloha Pencil any injury-in-fact and that injury was fairly traceable to the conduct complained of, the Court should dismiss the amended complaint for lack of jurisdiction. *See Canadian Lumber*, 517 F.3d at 1338 (holding that "Government of Canada does not have independent standing under Article III to challenge Customs' interpretation").

**CONCLUSION**

For these reasons, we respectfully request that the Court dismiss the complaint for lack of jurisdiction.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, Jr.
Assistant Director

/s *Nelson Kuan*
NELSON KUAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Washington, DC 20044
Tel.: (202) 307-0335
Nelson.Kuan@usdoj.gov

Attorneys for Defendant

Of Counsel:
Samuel E. Childerson
U.S. Department of Commerce
1401 Constitution Avenue, NW.
Suite 4416
Washington, DC 20230-0001

February 23, 2026

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this motion contains no more than 1,987 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Nelson Kuan