UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ALOHA PENCIL COMPANY, LLC,<br><br>                 Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>                 Defendant,<br>   and<br><br>CHINA FIRST PENCIL CO., LTD. and DIXON TICONDEROGA COMPANY,<br><br>             Defendant-Intervenors. | Court No. 25-00102<br><br>Before: Honorable Mark A. Barnett,<br>            Chief Judge |

**DIXON TICONDEROGA COMPANY'S RESPONSE TO COURT'S MEMORANDUM AND ORDER AND, ALTERNATIVELY, MOTION TO INTERVENE AS DEFENDANT-INTERVENOR**

Pursuant to the Court's Memorandum and Order, dated December 23, 2025 ("Order"), Dixon Ticonderoga Company ("Dixon") respectfully responds to the Court's order to show cause as to why the Court should allow Dixon to continue its participation as a defendant-intervenor in the above-captioned action under permissive intervention. Alternatively, Dixon submits this motion to intervene as defendant-intervenor pursuant to Rule 24(b)-(c) of this Court and requests permissive intervention thereunder.

**I.    Introduction**

The Court granted Dixon's motion to intervene as of right on August 14, 2025. After briefing on a jurisdictional issue, this Court entered the Order directing Plaintiff Aloha Pencil Company, LLC ("Aloha") to file an amended summons and amended complaint and allowing Defendant-Intervenors to "show cause as to why the court's orders allowing intervention should not be vacated as improvidently granted" and permitting Defendant-Intervenors "at the time, [to]

1

present any additional defenses pursuant to USCIT Rule 24(c)(1)."[1] Mem. and Order, ECF 39 (Dec. 23, 2025).

While Dixon was previously granted intervention as a matter of right, given the Court's Order and the evolving procedural posture, Dixon now respectfully shows cause as to why the Court should allow Dixon to continue to appear as a defendant-intervenor through permissive intervention. In response to the Court's Order, Aloha filed and served an amended complaint on January 22, 2026. Pl.'s Am. Compl., ECF 41 (Jan. 22, 2026). Dixon's response to the Court's Order is timely filed within thirty days of service of Aloha's Amended Complaint. Accordingly, Dixon respectfully submits that it be allowed to intervene as a defendant-intervenor through permissive intervention as set forth below.

**II.     Analysis**

As this Court previously noted, "U.S. Court of International Trade ('USCIT') Rule 24 provides for two types of intervention: intervention of right and permissive intervention." *Carpenter Technology Corp. v. United States*, 519 F. Supp. 3d 1340, 1345 (Ct. Int'l Trade 2021). "Subject to the statutory provisions of 28 U.S.C. § 2631(j), permissive intervention is governed by Rule 24(b) of the Rules of this Court." *Auxin Solar, Inc., and Concept Clean Energy, Inc., v. United States*, 698 F. Supp. 3d 1353, 1377 (Ct. Int'l Trade 2024) (citing *Manuli Autoadesivi, S.p.A. v. United States*, 602 F. Supp. 96, 98 (Ct. Int'l Trade 1985)).

    **A.     Section 2631(j)(1) Permits Permissive Intervention In This Case**

Section 2631(j)(1) states:

---

[1] The Order appears to frame this matter as a response to an order to show cause. In abundance of caution, Dixon also includes, in the alternative, a motion seeking permissive intervention. Dixon's original motion to intervene—filed before the Court's Order regarding jurisdiction—asserted intervention as of right.

> Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that—
> (A) no person may intervene in a civil action under section 515 or 516 of the Tariff Act of 1930;
> (B) in a civil action under section 516A of the Tariff Act of 1930, only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right; and
> (C) in a civil action under section 777(c)(2) of the Tariff Act of 1930, only a person who was a party to the investigation may intervene, and such person may intervene as a matter of right.

28 U.S.C. § 2631(j)(1).

This statute expressly allows any person who would be adversely affected or aggrieved by a decision in a civil action pending before this Court to intervene. Nothing in Section 2631(j)(1) precludes Dixon from intervening in this action. *See id.* Specifically, Aloha's action is not an action contesting a denial of a protest or petition under Sections 515 or 516 of the Tariff Act. *See* 28 U.S.C. § 2631(j)(1)(A). While Dixon does not concede this point, the Court's Order determined that Aloha's civil action is not a review of a final determination made by the Department of Commerce under Section 516A of the Tariff Act. *See* Mem. and Order, ECF 39 (Dec. 23, 2025); Pl.'s Am. Compl., ECF 41, at 1-2 (Jan. 22, 2026); 28 U.S.C. § 2631(j)(1)(B). Nor is it a civil action relating to a court-ordered disclosure of proprietary information under Section 777(c)(2) of the Tariff Act. *See* 28 U.S.C. § 2631(j)(1)(C). Further, Dixon's request to intervene under permissive intervention is timely because it is filed within 30 days of plaintiff's amended complaint.

As the Court has previously established, the phrase "adversely affected or aggrieved," which mirrors the language in numerous statutes including the administrative procedure act, 5 U.S.C. § 702, is consistent with the principle that the requirements for intervention are to be construed in favor of intervention. *See Ontario Forest Indus. Ass'n. v. United States*, 444 F. Supp.

2d 1309, 1322 (Ct. Int'l Trade 2006); *American Maritime Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989).

Here, Dixon would be adversely affected or aggrieved by the outcome of the current action. A proposed permissive intervenor must demonstrate a genuine, independent stake in the outcome or that its participation would add something material beyond what the defendant (in this case, the Government) already presents. *See GreenFirst Forest Products Inc. & GreenFirst Forest Products (Qc) Inc., v. United States*, 577 F. Supp. 3d 1349, 1356-57 (Ct. Int'l Trade 2022).

Dixon would be directly affected if the Court were to set aside the rescission of the antidumping duty administrative review and reinstate the review requested by Aloha. Aloha's review requests covered multiple Chinese manufacturers, including one of Dixon's suppliers. Reinstatement of the review could lead to the imposition of antidumping duties on entries associated with Dixon's supply chain, materially affecting Dixon's business operations and financial interests.

Dixon has structured its sourcing and commercial arrangements in reliance on the rescission of the administrative review and the stability of antidumping duties applicable to certain Chinese exporters. If the Court were to reinstate Aloha's portion of the administrative review, Dixon's settled expectations would be disrupted, potentially subjecting Dixon to significant duty liability as well as potential interruptions to its supply chain and cost structure. These potential harms are particularized and unique to Dixon's specific commercial relationships and procurement decisions, rather than generalized market conditions. This Court has recognized that such individualized reliance and competitive injuries are sufficient to demonstrate that a proposed intervenor would be adversely affected or aggrieved. *See Auxin*, 698 F. Supp. 3d at 1378-79. The reinstatement of the administrative review of the exporters named in Aloha's request would

directly implicate Dixon's Chinese suppliers, thereby impacting Dixon's cost structure and competitive position within the industry. Accordingly, 28 U.S.C. § 2631(j) permits Dixon to intervene as a permissive intervenor in this case, at the sound discretion of the Court.

### B. Rule 24(b) of the Rules of this Court

Rule 24(b) of the Rules of this Court also authorizes Dixon to Intervene. Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." UCIT Rule 24(b)(1). In addition, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." USCIT Rule 24(b)(3).

#### 1. Common Question of Law or Fact

Dixon satisfies the requirements for permissive intervention because it has claims and defenses that share common questions of law and fact with the main action. *See* USCIT Rule 24(b)(1).

In evaluating this factor, the Court considers whether the proposed intervenor's arguments overlap with those of the defendant, whether the intervenor participated in the underlying administrative proceeding, and whether the intervenor represents a segment of the industry aligned with the defendant's position. *See*, *e.g.*, *Carpenter*, 519 F. Supp. 3d at 1343, 1345, 1348 n.7. Dixon satisfies each of these considerations.

Dixon's defenses and arguments overlap with those of the Government, including the administration of administrative reviews and the legal standards governing who qualifies as a domestic interested party entitled to request such a review. Although Dixon's arguments may

5

overlap with those advanced by the Government in future pleadings, Dixon's interests extend beyond the Government's interests.

First, Dixon specifically adopted China First's arguments for Section 1581(c) jurisdiction and disagrees with the Government's position that the Court lacks Section 1581(c) jurisdiction.

Second, Dixon's interests in this litigation include its private and commercial interests in potential payment of duties on its past entries and the legal ramifications for future entries. Where, as here, a proposed intervenor's interests "are purely private, commercial ones relating to monetary and business concerns and where the Government's interests are public and enforcement oriented," the movant's interest "may not be adequately represented by the Government." *See Vivitar v. United States*, 585 F. Supp. 1415, 1418-19 (Ct. Int'l Trade 1984). Dixon purchases products from entities that Aloha seeks to review as part of the administrative review. Therefore, Dixon would be directly affected by the outcome of this litigation in ways that are distinct from the Government's institutional and administrative interests.

Third, Dixon's participation may add material perspectives beyond what is already present before the Court. *See Auxin*, 698 F. Supp. 3d at 1380. Dixon participated actively in both the 2023-2024 administrative review at issue here and the 2022-2023 administrative reviews implicated in the amended complaint, submitting substantive comments to the Department of Commerce. Dixon's participation in the 2023-2024 administrative review has been acknowledged by this Court. *See* Order, ECF 30 at 2 n.3 (Aug. 14, 2025) ("Dixon's participation in the relevant review is sufficient to confer standing to intervene."). Dixon's prior participation in the underlying administrative proceedings provides Dixon with first-hand knowledge of the factual record, the industry context, and the issues raised by Aloha's review requests.

Unlike a proposed intervenor that merely duplicates the Government's arguments, Dixon offers industry-specific expertise grounded in decades of experience as a U.S. producer and representative of the domestic pencil industry. *Cf. GreenFirst*, 557 F. Supp. 3d at 1356-57 (holding proposed permissive intervenor failed to explain why it had an interest in the action when it simply mimicked the defendant's defense of its own interests and failed to show that it would add anything or that defendant would not adequately defend its position).

Dixon is not only a domestic producer of pencils, but Dixon was one of the original petitioners in the investigation filed on November 10, 1993 that led to issuance of the antidumping duty order on cased pencils from China that underlies this dispute. *See Antidumping Duty Order: Certain Cased Pencils from the People's Republic of China*, 59 Fed. Reg. 66,909 (Dep't Commerce Dec. 28, 1994); *Cased Pencils from China*, U.S. Int'l Trade Comm'n, Investigation No. 731-TA-669 (Final), Publication 2837 (Dec. 1994), at II-3; *Certain Cased Pencils from Thailand*, U.S. Int'l Trade Comm'n, Investigation No. 731-TA-670 (Final), Publication 2816 (Oct. 1994), at II-3, II-11; *Certain Cased Pencils from the People's Republic of China and Thailand*, 59 Fed. Reg. 129 (Int'l Trade Comm'n July 7, 1994). The original petition filed on November 10, 1993, was filed on behalf of Pencil Makers Association, Inc. and the individual companies comprising its membership. Dixon was one of those individual companies. After the original petition was filed, Dixon remained active in the industry as a longstanding member of the Writing Instrument Manufacturers Association. Dixon's unique perspective will assist the Court by explaining industry practices, supply-chain realities, and what it means in the industry to be a legitimate domestic producer of the covered merchandise.

### 2. No Undue Delay or Prejudice

Dixon's claim or defense will not unduly delay or prejudice the adjudication of the original parties' rights. *See* USCIT Rule 24(b)(3).

Granting Dixon's motion for permissive intervention will not cause or result in any undue delay or prejudice to the parties involved. The Court balances proposed defendant-intervenors' interests with potential delays or harm to plaintiffs. Even with several intervenors, such as the nine allowed in *Auxin*, the Court has held that when effective management prevents any significant delay, the number of intervenors does not justify denying parties their chance to participate. *See Auxin*, 698 F. Supp. 3d at 1380-81.

Here, the potential burden of including only two defendant-intervenors—Dixon and China First—is minimal. Their participation will not delay the case, and denying intervention could harm Dixon's commercial interests relating to potential unanticipated antidumping duties and position within the U.S. domestic market. Moreover, the Court has not yet set a briefing schedule, and the Court retains jurisdiction to instruct Dixon and China First to refrain from presenting duplicative arguments, thereby ensuring that the proceedings remain streamlined and efficient.

Dixon would be adversely affected or aggrieved by the results of this litigation and Dixon's request for permissive intervention should be granted.

### III. Certificate of Consultation

Counsel for Dixon consulted with counsel for the parties to this action concerning this request to join the case under permissive intervention. Aloha's counsel advised that Aloha opposes Dixon's motion to intervene via e-mail dated February 23, 2026. Counsel for Defendant United States advised the United States does not oppose Dixon's motion to intervene via e-mail dated February 23, 2026. Counsel for China First advised that China First consents to Dixon's motion to intervene.

## IV. Additional Defenses Pursuant to USCIT 24(c)(1)

The Court's Order stated that "Defendant-Intervenors may present any additional defenses pursuant to USCIT Rule 24(c)(1)." Dixon includes these additional defenses in the attached Answer of Defendant-Intervenor Dixon Ticonderoga Company to Plaintiff's Amended Complaint.

## V. Conclusion

For the foregoing reasons, Dixon respectfully requests the Court (i) allow it to intervene as a defendant-intervenor in this action, and (ii) accept the attached Answer of Defendant-Intervenor Dixon Ticonderoga Company to Plaintiff's Amended Complaint as filed. Dixon's participation will promote the fair and efficient resolution of the issues before the Court and will not unduly delay or prejudice the rights of the original parties.

Respectfully submitted,

*/s/ Michael J. Larson*
Felicia Leborgne Nowels
Michael J. Larson
Li X. Massie

**Akerman LLP**
201 E. Park Avenue, Suite 300
Tallahassee, FL 32301
Phone: (850) 224-9634
Fax: (850) 222-0103

*Counsel to Dixon Ticonderoga Company*

Dated: February 23, 2026

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ALOHA PENCIL COMPANY, LLC,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>　　　　　　Defendant,<br>　and<br><br>**CHINA FIRST PENCIL CO., LTD. and DIXON TICONDEROGA COMPANY,**<br><br>　　　　　　Defendant-Intervenors. | Court No. 25-00102 |

## **ORDER**

Upon consideration of Dixon Ticonderoga Company's Response to Court's Memorandum and Order and, Alternatively, Motion to Intervene as Defendant-Intervenor seeking to intervene as Defendant-Intervenor under USCIT Rules 24 (b)-(c) in the above-captioned action, it is hereby

**ORDERED** that the motion is granted; and

**FURTHER ORDERED** that Dixon Ticonderoga Company be entered as Defendant-Intervenor in the above-captioned action.

　　　　　　　　　　　　　　　　　　　　　　　　Mark A. Barnett
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge

Dated: _____, 2026

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ALOHA PENCIL COMPANY, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>                Defendant,<br>and<br><br>CHINA FIRST PENCIL CO., LTD. and DIXON TICONDEROGA COMPANY,<br><br>                Defendant-Intervenors. | Court No. 25-00102<br><br>Before: Honorable Mark A. Barnett,<br>           Chief Judge |

## ANSWER OF DEFENDANT-INTERVENOR DIXON TICONDEROGA COMPANY TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 24(c)(1) of the Rules of the United States Court of International Trade, Dixon Ticonderoga Company ("Dixon") by and through its undersigned counsel, respectfully submits this Answer to the Amended Complaint filed by Aloha Pencil Company, LLC ("Aloha") in the above-captioned case. The responses provided below in the numbered paragraphs correspond to the numbered paragraphs in the January 22, 2026 Amended Complaint. ECF No. 41.

1. This paragraph refers to Aloha's cited rules and constitutes Aloha's legal characterization of the administrative determination to be reviewed, to which no answer is required. The administrative record speaks for itself. To the extent this paragraph contains allegations of fact to which an answer is required, admits that the determination contested by Aloha is *Certain Cased Pencils From the People's Republic of China: Rescission of Antidumping Duty Administrative Review*; 2023-2024, 90 Fed. Reg. 19,268 (Dep't of Commerce May 7, 2025).

**JURISDICTION**

2. Because this paragraph incorporates the statements made in paragraph 1 of the Amended Complaint, no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, admits that the determination contested by Aloha is *Certain Cased Pencils From the People's Republic of China: Rescission of Antidumping Duty Administrative Review*; 2023-2024, 90 Fed. Reg. 19,268 (Dep't of Commerce May 7, 2025).

3. This paragraph refers to Aloha's characterization of the administrative determination to be reviewed and contains Aloha's legal conclusions, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon denies.

4. This paragraph refers to Aloha's characterization of the legal standard of review and contains a legal conclusion, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon denies.

5. This paragraph refers to Aloha's characterization of the administrative determination to be reviewed, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon denies that the Court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(B) and (D), and 5 U.S.C. § 702.

6. This paragraph refers to Aloha's cited statutes and legal conclusion regarding sovereign immunity, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon denies.

7. This paragraph refers to Aloha's cited statutes and legal conclusions regarding the Court's authority to grant the requested relief, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon denies.

8. This paragraph consists of Aloha's legal conclusions regarding final agency action, to which no response is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon denies that the Court has jurisdiction under 28 U.S.C. § 1581(i).

9. This paragraph consists of Aloha's legal conclusions regarding Commerce's decision, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon denies.

## STANDING

10. This paragraph re-alleges and incorporates paragraphs 1 to 9. Accordingly, this paragraph is answered or denied as set forth above.

11. This paragraph consists of Aloha's legal conclusions regarding Aloha's purported status as a domestic interested party, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon denies.

12. This paragraph consists of Aloha's legal conclusions regarding Aloha's purported status as a domestic interested party, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, admits that Aloha participated in the underlying proceeding.

13. This paragraph consists of Aloha's legal conclusions regarding Aloha's purported status as a domestic interested party, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon denies.

14. This paragraph consists of Aloha's legal conclusions regarding Aloha's purported standing as a person adversely aggrieved, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon denies.

**TIMELINESS OF THIS ACTION**

15. This paragraph re-alleges and incorporates paragraphs 1 to 14. Accordingly, this paragraph is answered or denied as set forth above.

16. This paragraph refers to Aloha's characterization of the administrative determination to be reviewed, to which no answer is required. The administrative record speaks for itself. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon admits to the extent supported by the administrative record.

17. This paragraph consists of Aloha's legal characterization of the proceedings before the Court, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon admits Aloha filed a summons with this Court on June 6, 2025.

18. This paragraph consists of Aloha's legal characterization of the proceedings before the Court, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon admits Aloha filed a complaint with this Court on July 7, 2025.

19. This paragraph consists of Aloha's legal characterization of the proceedings before the Court, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon admits Aloha filed as summons with this Court on June 6, 2025, and filed a complaint with this Court on July 7, 2025.

20. This paragraph consists of Aloha's legal characterization of the proceedings before the Court, to which no answer is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon admits Aloha filed an amended complaint with this Court on January 22, 2026.

**STATEMENT OF FACTS**

21. This paragraph re-alleges and incorporates paragraphs 1 to 21. Accordingly, this paragraph is answered or denied as set forth above.

22. Admits.

23. Admits.

24. Admits.

25. Admits.

26. Admits.

27. Admits.

28. Admits.

29. This paragraph consists of Aloha's characterization of the administrative record, to which no answer is required. The administrative record speaks for itself. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon admits to the extent supported by the administrative record; otherwise denies.

30. This paragraph consists of Aloha's legal characterization of the administrative record, to which no answer is required. The administrative record speaks for itself. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon admits to the extent supported by the administrative record; otherwise denies.

31. This paragraph refers to Aloha's characterization of the administrative record, to which no answer is required. The administrative record speaks for itself. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon admits to the extent supported by the administrative record; otherwise denies.

32. Admits.

33. This paragraph consists of Aloha's characterization of the administrative record, to which no answer is required. The administrative record speaks for itself. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon admits to the extent supported by the administrative record; otherwise denies.

34. This paragraph consists of Aloha's legal characterization of the administrative record, to which no answer is required. The administrative record speaks for itself. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon admits to the extent supported by the administrative record; otherwise denies.

## STATEMENT OF CLAIMS

## COUNT ONE

35. This paragraph re-alleges and incorporates paragraphs 1 to 34. Accordingly, this paragraph is answered or denied as set forth above.

36. This paragraph consists of Aloha's legal conclusions, to which no response is required. To the extent this paragraph contains allegations of fact to which an answer is required, Dixon denies.

**III**. **Affirmative Defenses**

In addition to the foregoing, and in accordance with Rule 24(c) of the Rules of this Court, Dixon asserts the following affirmative defenses that preclude Aloha from obtaining any relief in this case. Dixon reserves the right to assert additional defenses as they may become available during the course of this proceeding.

### First Affirmative Defense – Lack of Statutory Jurisdiction

This Court lacks subject matter jurisdiction over Aloha's claim. 28 U.S.C. § 1581(i) does not confer jurisdiction where another remedy is or could be available under another subsection of

28 U.S.C. § 1581 unless such remedy would be manifestly inadequate. *See Sunpreme v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018). Because Aloha could have remedies under subsection 28 U.S.C. § 1581(c), and those remedies would not be manifestly inadequate, 28 U.S.C. § 1581(i) does not confer jurisdiction on this Court. While this Court rejected the argument as submitted by China First Pencil Co., Ltd. and adopted by Dixon, Memorandum and Order (Dec. 23, 2025), at 5-11, Dixon preserves the argument. This argument also demonstrates that Dixon's interests extend beyond the Defendant's interests.

### Second Affirmative Defense – Lack of Constitutional Standing

Aloha's Amended Complaint fails to allege facts sufficient to establish standing under Article III of the U.S. Constitution, including because Aloha fails to allege an injury in fact that is traceable to the challenged conduct and that is likely to be redressed through a favorable judicial decision.

### Third Affirmative Defense – Failure to State a Claim

The Amended Complaint fails to state a claim on which relief can be granted. Because Aloha has not alleged any specific agency action that is unlawful or subject to judicial relief under 5 U.S.C. § 706, this Court cannot provide Aloha with the relief it seeks.

### Fourth Affirmative Defense – Lawful Determination

The challenged decisions and actions of the Department of Commerce were supported by substantial evidence and were not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law under 5 U.S.C. §§ 702 and 706.

## IV. Reservation of Rights

Dixon reserves the right to amend or supplement its answer and affirmative defenses as additional facts and legal theories become known during the course of this litigation.

**V. Conclusion and Prayer For Relief**

WHEREFORE, Dixon respectfully requests that the Court (i) enter judgment in favor of the Defendant; (ii) dismiss the Amended Complaint; and (iii) provide the Defendant and Defendant-Intervenor Dixon with such relief as the Court may deem just and proper.

Respectfully submitted,

*/s/Michael J. Larson*
Michael J. Larson
Felicia Leborgne Nowels
Li X. Massie

**Akerman LLP**
201 E. Park Avenue, Suite 300
Tallahassee, FL 32301
Phone: (850) 224-9634

*Counsel to Dixon Ticonderoga Company*

Dated: February 23, 2026