UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HONORABLE MARK A. BARNETT, CHIEF JUDGE

ALOHA PENCIL COMPANY, LLC

     Plaintiff,

v.

     Court No. 25-cv-102

UNITED STATES,

     Defendant.

## RESPONSE TO MOTION TO DISMISS

Plaintiff, Aloha Pencil Company, LLC (Aloha), responds to the motion to dismiss filed by Defendant, the United States, on the basis of Defendant's arguments about whether Article III injury-in-fact was sufficiently alleged.  Aloha adequately established its standing.  Defendant's arguments are based upon a myopic reading of certain phrases in the complaint, failing to consider the complaint as a whole.  Further, Defendant relies, among others, upon inapposite jurisprudence related to intervention, not standing, to press its arguments.  Thus, this Court should deny Defendant's motion.

In reviewing the pleadings, the Court must determine whether the complaint "plausibly alleges standing." *Causam Enters. v. Int'l Trade Comm'n*, 155 F.4th 1338, 1343 (Fed. Cir. 2025).  The Court must "draw on its judicial experience and common sense," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and "the complaint must be read as a whole." *See, e.g.*, *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013).

Defendant's motion is based upon a myopic reading of certain phrases in the Complaint. Defendant quotes two phrases in the Complaint, "that 'Aloha Pencil is a U.S. manufacturer, producer, or wholesaler of the subject merchandise, cased pencils' and 'was a party to and

1

participated in the underlying proceeding.'" *Def. Mot.* at 4.  Defendant states, "has not alleged any facts establishing that it suffered an injury in fact." *Id.*  Defendant also asserts, "Aloha Pencil also does not allege that it suffered competitive injury, let alone alleging any specific facts to show competitive injury." *Id.* at 5.  Defendant further claims Aloha failed to show prejudice from a procedural violation. *Id.* at 5-6 (*citing Todd Construction, L.P. v. United States*, 656 F.3d 1306, 1315-16 (Fed. Cir. 2011).  But the allegations and prejudice are plain when the Complaint is read as a whole.

Initially, this Complaint is about Commerce's denial of Aloha's right to request and participate in an administrative review of certain exporters of pencils subject to an antidumping duty order.  The requirements for eligibility to request such a review are simple, one must be, *inter alia*, a domestic producer, manufacturer or wholesaler of the domestic like product and state why the review is desired.  19 U.S.C. 1675(a)(1); § 19 C.F.R. § 351.213(b)(1).  If a review for requested, Commerce has no discretion:  it "shall" conduct the review.  19 U.S.C. § 1675(a).

Aloha alleged it was a domestic interested party, that this status had been denied, and that this denial had deprived it of the right to request and participate in an administrative review of exporters identified by Aloha:

> plaintiff challenges the Department's decision finding that Aloha Pencil does not qualify as a domestic producer, manufacturer, or wholesaler of the domestic like product, and thus the request for reviews submitted by Aloha Pencil was void, and the consequent rescission based upon not having a valid request for review; and …
> was adversely aggrieved by {Commerce's} agency action.

Complaint, ¶5; *see also id.* ¶9 ("Commerce's decision that Aloha Pencil does not qualify as a domestic interested party … and thus that its request for reviews was void, … must be held 'unlawful and set aside' by this Court.").  These allegations were "re-alleged and incorporated" into the section titled "Standing." *Complaint* ¶10.  Also in the section titled standing, Aloha

2

made the allegations Defendant acknowledges:  "Plaintiff Aloha is a U.S manufacturer, producer, or wholesaler of the subject merchandise, cased pencils," and "a person adversely aggrieved by agency action, under 5 U.S.C. § 702.  *Complaint* ¶¶11, 14.  Reading the Complaint as a whole, these allegations allege the necessary facts for standing.

Aloha alleged that it is a manufacturer, producer, or wholesaler of cased pencils.  The term "manufacture" means "one that manufactures" and "manufacture" means "something made from raw materials by hand or by machinery."  *See* "Manufacturer," *Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/manufacturer*; "Manufacture," *Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/manufacture*.  The term "producer" means, "one that produces, especially : one that grows agricultural products or manufactures crude materials into articles of use."  "Producer," *Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/producer*.  The term "wholesaler" means, "a merchant middleman who sells chiefly to retailers, other merchants, or industrial, institutional, and commercial users mainly for resale or business use."  "Wholesaler," *Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/wholesaler*.  Thus, necessarily implied in the allegation that "Aloha is a U.S manufacturer, producer, or wholesaler of the subject merchandise, cased pencils," are the facts that Aloha Pencil makes pencils from raw materials by hand or machinery or is a middleman that sells to retailers, merchants, or other users.  While Aloha used the language of the regulation, there are few other words that can be used to allege the fact that Aloha is a manufacturer, producer, or wholesaler.  Further, Aloha alleged that it had provided standing information to Commerce in response to a questionnaire and supplemental questionnaire, including as exhibits information submitted in the prior review.  *Complaint* ¶¶25-

3

27.  Accordingly, Aloha alleged facts necessary to establish that it qualified as a domestic interested party and thus was entitled to request a review.

Aloha also identified injury; the request for review was declared void and the review was rescinded.  *Complaint* ¶¶5, 9. Aloha alleged that it was denied an important procedural right. Congress mandated that Commerce conduct an administrative "if a request for such a review has been received."  19 U.S.C. § 1675(a)(1) ("the administering authority, if a request for such a review has been received and after publication of notice of such review in the Federal Register, shall… (B) review, and determine (in accordance with paragraph (2)), the amount of any antidumping duty").  Commerce in its regulation identified parties eligible to request a review under section 1675(a), including "a domestic interested party," and allows such parties to request a review "of specified individual exporters or producers covered by an order."  19 C.F.R. § 351.213(b)(1).  Domestic interested parties are defined in 19 U.S.C. § 1677(9)(C) and 19 C.F.R. § 351.102(29)(v) as including a "manufacturer, producer, or wholesaler in the United States of a domestic like product."  Thus, Commerce's decision that Aloha was not a manufacturer, producer, or wholesaler of the domestic like product denied Aloha domestic interested party status and eligibility to request a review.

Defendant wrongly asserts that "Aloha Pencil has alleged neither a violation involving fundamental procedural rights nor prejudice from the rescission.  *Def. Mot.* at 5-6.  To support its argument, Defendant identifies examples of important procedural rights including "the right to a hearing" and a right to see information ("an environmental impact statement").  *Id.* at 6 (*citing Todd Construction*, 656 F.3d at 1315-16.  Compared to those examples, what Aloha alleged was more than enough.  Aloha alleged that Commerce denied it the right to request, and thus to have Commerce conduct a complete administrative review, including submission of evidence,

presentation of argument in case briefs, and participation in a hearing.  This denied right could not be a more significant fundamental procedural right in the application of trade law in the United States.

Defendant also incorrectly criticizes Aloha for merely stating it was adversely aggrieved by agency action.  *Def. Mot.* at 6.  Defendant also argues that Aloha has not shown "a causal connection between injury and the conduct complained of."  *Id.* (*auoting Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023) (*quoting v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Defendant fails to read the Complaint as a whole, and specifically ignored the import of paragraph 10.  As explained above, Aloha connected the denial of domestic interested party status to the voiding of its request for review and the rescission of the review.  *Complaint* ¶5.  Aloha alleged the denial of a fundamental procedural right.

Defendant cites a D.C. Circuit case to present the obvious but irrelevant facts that "Aloha Pencil has 'not been subjected to any obligation or duty," or paid customs duties.  *See Def. Mot.* at 5 (*citing Kansas City Power & Light Co. v. McKay*, 225 F.2d 924, 928 (D.C. Cir. 1955); *cf. Totes-Isotoner Corp. v. United States*, 594 F.3d 1346, 1351 (Fed. Cir. 2010)).  Aloha is not an importer of cased pencils; it would not be subject to payment of duties.

And Defendant improperly relies upon a Section 232 case addressing requirements for intervention in an appeal by an importer over a denied 232 exclusion.  *Def.'s Mot.* at 6 (*quoting Cal. Steel Indus. v. United States*, 48 F.4th 1336, 1339 (Fed. Cir. 2022)).  There, the domestic interested party had participated in the Section 232 exclusion review, providing information showing that it could produce the merchandise for which the importer sought exclusion.  *Cal. Steel*, 48 F.4th at 13439.  Defendant uses this case to argue that "'participation during the administrative proceedings {does not transform} into a legally protectable interest during

subsequent judicial proceedings.'" *Def.'s Mot.* at 6 (*quoting Cal. Steel*, 48 F.4th at 1344). But that statement was not made in the context of a decision about standing, and Section 232 proceedings are fundamentally different. The Federal Circuit found that "the proposed intervenor have established standing," and discussed "participation during the administrative proceedings" in the context of whether the domestic producers had the "legally protectable interest {needed} to qualify as intervenors under Rule 24(a)(2)." *Cal. Steel*, 48 F.4th at 1344. Further, the reason why participation did not transform into a legally protectable interest in *Cal. Steel* was because section "232 permits Commerce to hear from domestic parties…but it 'does not require Commerce to do so." *Id.* The Court there explained, "Commerce's decision to hear {domestic party} objections 'is, in effect, an act of administrative grace that creates no protected legal interests." *Id.* In contrast, here, when Commerce receives a valid request for review, Commerce "shall" conduct the review. 19 U.S.C. § 1675(a). That is, with a valid request for review, Commerce is required to conduct the review, including receiving information and arguments from domestic interested parties and holding a hearing if requested.

In light of the Court's "judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and reading "the complaint … as a whole," *García-Catalán*, 734 F.3d at 103, the Complaint "plausibly alleges standing." *Causam Enters.*, 155 F.4th at 1343. Accordingly, this Court should deny Defendant's motion.

Respectfully submitted,

/s/Mark B. Lehnardt
Davis & Leiman
1012 Connecticut Ave., N.W., Ste.1012
Washington, D.C. 20036
T. 202.642.4850
*Counsel to Plaintiff*

Date: March 30, 2026

6