# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

|  |  |  |
|---|---|---|
| ALOHA PENCIL COMPANY, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | No. 25-00102 |
| Defendant, | ) | |
| and | ) | |
| CHINA FIRST PENCIL CO., LTD., and DIXON TICONDEROGA COMPANY, | ) | |
| Defendant-Intervenors. | ) | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS
### MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The United States respectfully submits this reply in support of our motion to dismiss the amended complaint filed by Aloha Pencil Company, LLC ("Aloha"). In our moving brief, we established that Aloha's amended complaint lacks factual allegations sufficient to establish that it has Article III standing in this Court. In its response, Aloha does not point to any facts in the amended complaint but instead speculates that broad categories of possible facts are "necessarily implied" in the legal conclusion asserted in the amended complaint. Aloha's arguments fail to save its amended complaint from its lack of factual allegation to show that it suffered any injury-in-fact and that its alleged injury was fairly traceable to the complained of Government conduct. The Court should therefore dismiss the amended complaint for lack of jurisdiction.

**I.    The Amended Complaint Fails to Allege Any Facts to Support Any Injury-In-Fact**

We explained in our moving brief that, despite Aloha's awareness of our challenge to its Article III standing, its amended complaint "added ***no*** factual allegation" to support such standing. Def. Mot. at 4. In response, Aloha does not point to any factual allegations in the amended complaint to support Article III standing. Aloha asserts instead that there purportedly are facts "necessarily implied in the allegation that 'Aloha is a U.S manufacturer, producer, or wholesaler of the subject merchandise, cased pencils{.}'" Aloha Resp. at 3.

Aloha's argument of purported facts "necessary implied" in the amended complaint's assertion of status as "a U.S manufacturer, producer, or wholesaler of the subject merchandise, cased pencils" is an acknowledgement that the assertion is not factual. *See id.* That assertion contains merely a formulaic recitation of the applicable statutory language defining an "interested party" as "a person who is— (A)a manufacturer, producer, or wholesaler in the United States." 19 U.S.C. § 1516(a)(2). Aloha's amended complaint retains the entire disjunctive list from the statutory language. To be sure, Aloha's response cites the definition of the three terms— manufacturer, producer, wholesaler — showing that they are not synonymous. *See* Aloha Resp. at 3. Given the distinctions among the three terms, the amended complaint's recitation of the disjunctive list shows that it is a formulaic recitation of the statutory language instead of a factual allegation of Aloha's place within the spectrum of domestic interested parties. Indeed, the amended complaint's assertion of Aloha purportedly as a U.S manufacturer, producer, or wholesaler "of the subject merchandise" does not make factual sense because that term refers to the imported merchandise subject to Commerce's antidumping investigation or review. *See Kyocera Solar, Inc. v. United States International Trade Commission*, 844 F.3d 1334, 1336 (Fed. Cir. 2016) (addressing "subject merchandise [that] includes [embodiments] assembled in the subject country"); *Allegheny Ludlum Corp. v. United States*, 240 F. Supp.2d

2

1262, 1267, 26 CIT 1124, 1129 (2002) ("The statute explicitly defines 'subject merchandise' as that which shares common physical characteristics *and* falls within the temporal scope of a review."); 19 U.S.C. § 1677(25) (defining "subject merchandise").

In short, the amended complaint's assertion that "Aloha is a U.S manufacturer, producer, or wholesaler of the subject merchandise, cased pencils" is not supported by specific factual allegations. *Cf. Pat Huval Restaurant & Oyster Bar, Inc. v. U.S. Intern. Trade Com'n*, 823 F.Supp.2d 1365, 1370, 36 C.I.T. 333, 335 (2012) ("Plaintiff Koyo is a U.S. producer of tapered roller bearings and ball bearings. . . .  Plaintiff SKF is a U.S. manufacturer of antifriction bearings, including ball bearings.") (citing the respective complaints).  Aloha's formulaic recitation of the elements from 19 U.S.C. § 1516(a)(2)(A) therefore offers mere labels and conclusions. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).[1]  The Court should disregard the legal conclusions in reviewing a facial challenge to a complaint. *See Twombley*, 550 U.S. at 564 (disregarding "legal conclusions resting on the prior allegations").  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Advocating the opposite of the holding in *Twombly* and *Iqbal*, Aloha is asking the Court to assume the complaint's legal conclusion as true and speculate on what the "necessarily implied" facts there may be. *See* Aloha Resp. at 3.  The speculative nature of Aloha's purported allegation-by-implication theory is apparent in the vast categories of alternative possibilities without a shred of specific facts: "necessarily implied in the allegation that 'Aloha is a U.S

---

[1] Courts, in reviewing facial challenges to subject matter jurisdiction under Rule 12(b)(1), apply the "plausibility" standard from Rule 12(b)(6). *Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1354–55 (Fed. Cir. 2018) ("{T}he Supreme Court's 'plausibility' requirement for facial challenges to claims under Rule 12(b)(6), as set out in *Bell Atlantic Corp v. Twombly* . . . and *Ashcroft v. Iqbal* . . . also applies to facial challenges to subject-matter jurisdiction under Rule 12(b)(1).").

manufacturer, producer, or wholesaler of the subject merchandise, cased pencils,' are the facts that Aloha Pencil makes pencils from raw materials by hand *or* machinery *or* is a middleman that sells to retailers, merchants, *or* other users." *Id*. (emphasis added).  The alternative categories of possible facts asserted by Aloha show that the amended complaint has failed to plead even one specific set of facts that the amended complaint is unequivocally representing to the Court.

Even if the Court were to assume Aloha's assertion that it is a domestic interested party, the amended complaint remains lacking in factual allegation regarding any injury-in-fact suffered by Aloha from Commerce's recission of the administrative review.  By way of examples, we explained in our motion that the amended complaint does not allege Aloha was subjected to any obligation or duty or that it suffered any competitive injury.  Def. Mot. at 5. Aloha acknowledges that it was under no obligation or duty by arguing that it is "obvious but irrelevant" because it "is not an importer of cased pencils{, and} it would not be subject to payment of duties."  Aloha Resp. at 5.  Aloha's attempt to distinguish cases based on the fact that it "is not an importer" eliminates one possible category of injury but fails to explain affirmatively what concrete injury it suffered.  Notably, Aloha glosses over our explanation that the amended complaint also lacks factual allegations to show competitive injury without disputing it.  *See* Aloha Resp. at 2 ("But the allegations and prejudice are plain when the Complaint is read as a whole").  The amended complaint, indeed, lacks factual allegations addressing any of the economic factors that may be relevant to a determination regarding whether there has been material injury by reason of imports.  *See* 19 U.S.C. § 1677(7)(C) (listing volume, price etc.). The amended complaint lacks particularized factual allegations regarding any injury-in-fact to Aloha even when "read as a whole."  *See* Aloha Resp. at 2.  Accordingly, Aloha does not and cannot dispute that the amended complaint must be dismissed pursuant to *McKinney v. U.S.*

4

*Dept. of Treasury*, 799 F.2d 1544, 1555 (Fed. Cir. 1986).

**II.      Aloha's Alleged Right to Request Administrative Review Against Other Parties Is Not a Fundamental Procedural Right and Does Not Overcome Its Lack of Any Concrete Injury**

Aloha seizes on the reference to "fundamental procedural rights" in *Todd Construction* and asserts without explanation that it has alleged a violation of a fundamental procedural right. Aloha Resp. at 4-5. Aloha, however, avoids discussing *Todd Construction* or the Supreme Court's exposition of such procedural rights cited therein. *See Todd Const., L.P. v. U.S.*, 656 F.3d 1306, 1315 (Fed. Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 572, 573 n.7 (1992)). The Federal Circuit explained in *Todd Construction* that "in cases involving fundamental procedural rights," some courts of appeals "relaxed the causation requirement when determining standing for procedural injuries, finding it satisfied when following the correct procedures plausibly *may* have changed the result." *Todd Const.*, 656 F.3d at 1315 (emphasis in original); *see* Def. Mot. at 5 (addressing prejudice "from alleged procedural violation not involving 'fundamental procedural rights'"). Whether the procedural rights at issue are "fundamental" bears on the causation requirement but does not relax the injury-in-fact requirement.

Even if Aloha were to have alleged a violation of a fundamental procedural right to relax the causation requirement, its burden to show that it suffered an injury in fact remains. As the Supreme Court explained,

> The person who has been accorded a procedural right to protect his concrete interests can assert that right without meeting all the normal standards for redressability and immediacy. Thus, under our case law, one living adjacent to the site for proposed construction of a federally licensed dam has standing to challenge the licensing agency's failure to prepare an environmental impact statement, even though he cannot establish with any certainty that the statement will cause the license to be withheld or altered, and even though the dam will not be completed for many years. . . .

5

> What respondents' "procedural rights" argument seeks, however, is quite different from this: standing for persons who have no concrete interests affected—persons who live (and propose to live) at the other end of the country from the dam.

*Lujan*, 504 U.S. at 572-73 n.7.  As discussed in our moving brief and above, Aloha has not alleged that it suffered any injury to its concrete interest.  Aloha therefore has no standing to enforce procedural rights designed to protect interests unconnected to Aloha's own harm.  *See id*. 573 n.8 ("We do *not* hold that an individual cannot enforce procedural rights; he assuredly can, so long as the procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing.").

Moreover, neither the amended complaint nor Aloha's response specifies what purported "fundamental procedural right" was violated.  Aloha requested antidumping duty administrative reviews of companies.  90 Fed. Reg. 8187 n.5.  Commerce requested standing information from Aloha and determined that Aloha did not qualify as a domestic interested party.  *See* Am. Compl. ¶¶ 25-33.  According to Aloha, "with a valid request for review, Commerce is required to conduct the review . . . ."  Aloha Resp. at 6.  Aloha, however, glosses over the question whether it submitted "a valid request for review" and points to no factual allegation in the amended complaint to support that it did so.  As discussed in our moving brief and above, Aloha has not even shown that its amended complaint contains sufficient factual allegations to support its assertion of status as an interested party.  Accordingly, Aloha cannot point to any factual allegation in the amended complaint to show that it submitted "a valid request for review" such that the rescission of review constituted an injury to its procedural right to protect its concrete interest.  *See Lujan*, 504 U.S. at 572-73 n.7.

Given the lack of an allegation of concrete injury in its amended complaint's, Aloha's interest in seeking antidumping duty administrative reviews of companies is no more than an

"undifferentiated public interest in executive officers' compliance with the law," which is not "an individual right vindicable in the courts." *See Lujan*, 504 U.S. at 577 (quotation omitted); *see also* Aloha Resp. at 5 ("This denied right could not be a more significant fundamental procedural right in the application of trade law in the United States."). Aloha's arguments show that the amended complaint lacks any plausible allegation of violation of Aloha's procedural rights, let alone the involvement of any "fundamental procedural right."

Aloha's arguments that attempt to distinguish the facts in *California Steel Industries* are irrelevant and do not change the conclusion that Aloha's mere requests for administrative review and submission of standing information to Commerce, on their own, could not transform into a legally protectable interest during subsequent judicial proceedings. *Cf. Cal. Steel Indus., Inc. v. United States*, 48 F.4th 1336, 1344 (Fed. Cir. 2022) ("{A}ny scheme such as Commerce's here that effectively permits *anyone* to participate in administrative proceedings confers a legally protectable interest on no one."). At bottom, the administrative process at issue here, *i.e.*, Commerce's consideration of Aloha's questionnaire responses regarding its claimed eligibility to request a review and determination that Aloha was not an interested party, alone did not create Article III standing in this Court. In order to satisfy Article III standing, Aloha still needs to allege facts to demonstrate that it has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

As discussed above and in our moving brief, the amended complaint lacks any factual allegation establishing that Aloha suffered any injury-in-fact. Additionally, because the amended complaint has failed to allege any plausible violation of "fundamental procedural rights," the amended complaint must separately allege sufficient facts to show causation. *See*

*Todd Constr.*, 656 F.3d at 1315.  Regarding causation, Aloha merely asserts that it "connected the denial of domestic interested party status to the voiding of its request for review and the rescission of the review."  Aloha Resp. at 5.  However, Commerce's denial of Aloha's assertion of domestic interested party status and denial of Aloha's request for review both constituted Commerce's conduct that Aloha is complaining of; these conduct by Commerce that Aloha is complaining of do not equate an injury-in-fact to Aloha, which it has not shown.  Accordingly, the connection argued by Aloha still does not show that Commerce's conduct that is subject to Aloha's complaint caused any concrete injury to Aloha.

## CONCLUSION

For these reasons and those explained in our moving brief, we respectfully request that the Court dismiss the complaint for lack of jurisdiction.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>BRETT A. SHUMATE<br>Assistant Attorney General</td></tr>
<tr><td></td><td>PATRICIA M. McCARTHY<br>Director</td></tr>
<tr><td></td><td>FRANKLIN E. WHITE, JR.<br>Assistant Director</td></tr>
<tr><td>Of Counsel:</td><td>/s <em>Nelson Kuan</em><br>NELSON KUAN<br>Trial Attorney</td></tr>
<tr><td>SAMUEL E. CHILDERSON<br>U.S. Department of Commerce<br>1401 Constitution Avenue, NW.<br>Suite 4416<br>Washington, DC 20230-0001</td><td>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Washington, DC  20044<br>Tel.:  (202) 307-0335<br>Nelson.Kuan@usdoj.gov</td></tr>
<tr><td>April 17, 2026</td><td>Attorneys for Defendant</td></tr>
</table>

8

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this motion contains no more than 2,282 words, excluding any tables of contents or authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Nelson Kuan